UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| MARY WALKER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. ED CV 13-2001-DFM<br><br>MEMORANDUM OPINION AND ORDER |

    Plaintiff Mary Walker ("Plaintiff") appeals the denial of her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Court concludes that the Administrative Law Judge ("ALJ") offered specific and legitimate reasons for rejecting the opinion of her treating physician. Therefore, the ALJ's decision is affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

    Plaintiff filed applications for DIB and SSI on February 8, 2010, alleging disability beginning October 30, 2009. In an unfavorable decision, the ALJ found that Plaintiff had the severe impairments of obesity, well-controlled

diabetes mellitus, right-shoulder impingement that had required two arthroscopic surgeries, and degenerative disc disease of the spine, consistent with age. Administrative Record ("AR") 12-13. The ALJ concluded, however, that Plaintiff was not disabled because there was work available in significant numbers in the national and regional economies that she could perform. AR 21-22.

## II.
## ISSUES PRESENTED

The parties dispute whether the ALJ erred in assessing the opinion of Plaintiff's treating physician, Dr. Rajiv Puri. See Joint Stipulation ("JS") at 3.

## III.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of

2

the Commissioner. Id. at 720-21.

## IV.

## THE ALJ PROPERLY CONSIDERED THE OPINION OF PLAINTIFF'S TREATING PHYSICIAN

Plaintiff contends that the ALJ failed to provide specific and legitimate reasons supported by substantial evidence for not giving controlling weight to Dr. Puri's opinion as expressed in a December 2010 medical source statement. JS at 4-5.

**A.   Background**

Plaintiff saw Dr. Puri in October 2008 for right-shoulder pain. AR 682. He performed arthroscopic surgery on her right shoulder in October 2008 and, when symptoms returned, again in November 2010. AR 672-75. He discharged Plaintiff from his care in March 2011. AR 728.

On December 1, 2010, Dr. Puri completed a medical source statement. AR 685-86. He indicated that Plaintiff could lift less than 10 pounds occasionally, noting recurrent impingement syndrome in her right shoulder and her right-shoulder surgery the previous month. AR 685. Dr. Puri opined that Plaintiff could stand and walk for only one hour in an eight-hour workday because of leg radiculopathy that began following a spinal tap. Id. She did not, however, need an assistive device. Id. Dr. Puri indicated that Plaintiff could sit for only two hours in an eight-hour workday and should alternate standing and sitting because of her back pain and radiculopathy. Id. He opined that Plaintiff should never climb, balance, stoop, kneel, crouch, or crawl. AR 686. She should never reach and only occasionally handle and finger with her right hand but could do all of these things frequently with her left hand. Id. She could feel with all fingertips frequently. Id. She had no restrictions with respect to heights, moving machinery, temperatures, chemicals, or dust. Id. Dr. Puri indicated that her prognosis was poor. Id.

B. **Applicable Law**

Three types of physicians may offer opinions in Social Security cases: those who directly treated the plaintiff, those who examined but did not treat the plaintiff, and those who did not treat or examine the plaintiff. See 20 C.F.R. § 416.927(c)(2); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). A treating physician's opinion is generally entitled to more weight than that of an examining physician, which is generally entitled to more weight than that of a non-examining physician. Lester, 81 F.3d at 830. Thus, when a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for clear and convincing reasons. Id. When a treating doctor's opinion is contradicted by another doctor, the ALJ must provide specific, legitimate reasons based on substantial evidence in the record for rejecting the treating doctor's opinion. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007); Lester, 81 F.3d at 830-31. However, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); accord Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).

C. **Analysis**

The ALJ found that the significant physical limitations indicated by Dr. Puri were not supported by the medical evidence, including his own treatment notes. AR 20. Although Dr. Puri opined that Plaintiff's back pain would limit her to only one hour of standing or walking and two hours of sitting, the ALJ noted that her back examinations were largely unremarkable. Id. On July 20, 2009, Dr. Puri noted tenderness and limited range of motion in Plaintiff's lumbar spine, positive bilateral root tension signs, and decreased sensation in the skin of her left lower extremity and referred Plaintiff for an MRI. AR 15; see AR 677, 679-80. An MRI reportedly showed only a small

disc bulge with minimum dehydration and no stenosis. AR 15; see AR 678. On March 2, 2011, Dr. Puri noted only "minimal symptoms of pain" in Plaintiff's lower back, reported that x-rays of her lumbar spine were unremarkable, and discharged her from his care. AR 726-27. On each of the five occasions in which Plaintiff complained to Dr. Puri of back pain, he treated her conservatively with medication. See AR 677-80, 728.

Moreover, although Dr. Puri imposed a significant lifting limitation, that restriction was attributed to Plaintiff's right-shoulder surgery less than a month earlier and her then-recurrent shoulder-impingement syndrome. See AR 672-73, 685. Dr. Puri did not mention Plaintiff's right shoulder in the notes from his final March 2, 2011 examination of her but observed, as the ALJ noted, that her left shoulder was "much better." AR 20; see AR 728. As the ALJ noted, the record does not reflect her return to Dr. Puri or another orthopedic specialist for shoulder treatment, and Plaintiff testified at the April 25, 2012 hearing that she could lift 20 pounds occasionally. AR 15, 17; see AR 76.

Because the ALJ found that Dr. Puri's medical source statement was inconsistent with his own treatment notes, the ALJ properly rejected Dr. Puri's opinion. See Connett v. Barnhart, 340 F.3d 871, 875 (9th Cir. 2003) (holding that doctor's opinion was properly rejected when treatment notes "provide no basis for the functional restrictions he opined should be imposed on [claimant]"); Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001) (holding that ALJ permissibly rejected treating physician's opinion when opinion was inconsistent with treatment reports). In particular, the many limitations Dr. Puri attributed to Plaintiff's low-back pain were inconsistent with his conservative treatment. See 20 C.F.R. §§ 404.1529(c)(3)(iv)-(v), 416.929(c)(3)(iv)-(v); Warre v. Comm'r Soc. Sec. Admin., 439 F.3d 1001, 1006 (9th Cir. 2006).

///

Moreover, Dr. Puri's opinion that Plaintiff's low-back pain merited significant limitations was contradicted by other physicians. On January 17, 2011, Dr. Navdeep Loomba reported that, although Plaintiff demonstrated tenderness and increased pain with range of motion, she had good range of motion, sensation, and strength in her extremities. AR 768. Plaintiff was negative for straight leg-raise test and demonstrated equal and intact pinprick sensation in her legs. Id.  The ALJ properly relied on Dr. Loomba's opinion in discounting Dr. Puri's contradictory findings of a disabling back impairment. See Tonapetyan, 242 F.3d at 1149 (holding examining physician's opinion "alone constitutes substantial evidence, because it rests on his own independent examination of [claimant]").

The medical expert and state-agency physicians also opined that the record did not reflect disabling shoulder or back impairments. Dr. Samuel Landau testified at Plaintiff's administrative hearing that Plaintiff's MRI suggested only mild to moderate degenerative disc disease consistent with Plaintiff's age, and opined that she could perform light work. AR 15-16; see AR 48, 50. Because Dr. Landau testified at the hearing and was available for questioning, and because the ALJ found his opinion to be consistent with the evidence, AR 16, the ALJ was entitled to rely on his findings. See Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999) ("Opinions of a nonexamining, testifying medical advisor may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it."); Andrews v. Shalala, 53 F.3d 1035, 1042 (9th Cir. 1995) (noting that greater weight may be given to nonexamining doctors who are subject to cross examination). The state-agency physicians who reviewed Plaintiff's records similarly assessed that she could perform at least light work. AR 19; see AR 254-56, 687-700. Although the ALJ indicated that he relied principally on the findings of Dr. Landau, the medical expert, he was also entitled to rely on the

reviewing doctors' opinions. See Thomas, 278 F.3d at 957 ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record.").

Moreover, Plaintiff's treatment records show that she did not address her back and shoulder pain with the urgency or tenacity one would expect in the case of debilitating impairments. For instance, although she saw Dr. Puri in July 2009, months after her first shoulder surgery, complaining of right-shoulder and low-back pain, AR 679, she did not return until March 2010, and even then had not obtained MRIs as Dr. Puri had requested. AR 680. Dr. Puri again referred her for MRIs and recommended that she return in three weeks, but Plaintiff did not return for another three months. AR 678. Indeed, although Plaintiff emphasizes the length and extent of her treatment relationship with Dr. Puri, JS 6, the record reflects only a handful of visits over the course of 2 ½ years, see AR 672-82, 728. Moreover, Plaintiff's own statements belied her claims of disabling back and shoulder pain. She mentioned neither when explaining why she stopped working, describing limitations on her daily activities, or completing a pain questionnaire. AR 71-72, 197-204, 221. At the hearing, she attributed her alleged limitations on lifting to an ovarian mass, not shoulder pain, and her limitations on standing to balance issues, not back pain. AR 76-77.

Plaintiff claims that the ALJ's finding that Dr. Puri's opinion is inconsistent with the medical evidence "without more does not rise to the required level of articulation" of specific and legitimate reasons, citing Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir. 1988). JS at 5. In Embrey, the ALJ rejected a treating doctor's "detailed assessment" of the claimant's functional capacity – an assessment confirmed by three other physicians – by merely "list[ing] seriatim" and without citation the purportedly inconsistent objective

factors. See id. at 421-22. Here, by contrast, the ALJ met his burden to articulate specific, legitimate reasons for discounting Dr. Puri's opinion "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Thomas, 278 F.3d at 957 (quoting Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)); see AR 15-21.

To the extent that Plaintiff asserts that the ALJ should have sought additional medical evidence from Dr. Puri, see JS at 7, an ALJ's duty to further develop the record is triggered only when the record contains ambiguous evidence or is inadequate to allow for proper evaluation of the evidence, Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001). Here, the record was adequate to enable the ALJ to determine that Plaintiff did not suffer from a disabling shoulder or back impairment. See Brinegar v. Astrue, 337 F. App'x 711, 712 (9th Cir. 2009).

In sum, the ALJ gave specific and legitimate reasons for not giving great weight to Dr. Puri's opinion as expressed in his December 1, 2010 medical source statement. Plaintiff's claim that the ALJ erred is accordingly rejected.

## V.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED and the action is DISMISSED with prejudice.

Dated: July 7, 2014

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge